Ct Exh #2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :    CONSENT PRELIMINARY ORDER
            - v. -                    :    OF FORFEITURE/
                                      :    MONEY JUDGMENT
UNIQUE TAYLOR,                        :
                                      :    S4 23 Cr. 52 (RA)
            Defendant.                :
                                      :
------------------------------------- x

WHEREAS, on or about February 20, 2024, UNIQUE TAYLOR (the "Defendant"), was charged in an eight-count Superseding Indictment, S4 23 Cr. 52 (RA) (the Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two through Seven); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 924(d)(1), and Title 28, United States Code, Section 2461(c), of any and all firearms involved in or used in the offense charged in Count Eight of the Indictment;

WHEREAS, on or about 11/13/2025, the Defendant pled guilty to Counts One, Four, and Eight of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Four, and Eight of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1) and Title 28, United States Code, Section 2461(c): a sum of money equal to $33,950 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment, and any and all firearms and ammunition involved in or used in the offense charged in Count Eight of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $33,950 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the co-defendants Michael Wilbon, Francis Shane, Yahtek Johnson, and Shawn Thomas and the forfeiture money judgment entered against them in this case (the "Co-defendants") and Johnny Houston ("Houston") to the extent a forfeiture money judgment is entered against Houston in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Katherine Cheng, of counsel, and the Defendant and his counsel, David Wikstrom, Esq., that:

1. As a result of the offenses charged in Counts One and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $33,950 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendants and the forfeiture money judgments entered against them in this case and Houston to the extent a forfeiture money judgment is entered against Houston, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant UNIQUE TAYLOR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____        11/10/2025
KATHERINE CHENG                             DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2492


UNIQUE TAYLOR

By: _____        11/13/25
UNIQUE TAYLOR                               DATE


By: _____        11/13/25
DAVID WIKSTROM, ESQ.                        DATE
Attorney for Defendant
250 W. 55th St. 17th Floor
New York, NY 10019
Tel: (917) 544-5870


SO ORDERED:

_____             11/13/25
HONORABLE RONNIE ABRAMS                     DATE
UNITED STATES DISTRICT JUDGE

## Schedule A

Schedule of Victims

| Name | Address | Amount of Restitution |
|---|---|---|
| Alex Deli and Grocery | 1278 Morrison Avenue<br>Bronx, NY 10472 | $4,500 |
| Boston Gourmet Deli and Grocery | 3460 Boston Road<br>Bronx, NY 10469 | $13,400 |
| AA Smokeshop and Hooka | 192 East 167th Street<br>Bronx, NY 10456 | $2,180 |
| Bradhurst Deli | 242 Bradhurst Avenue<br>New York, NY 10039 | $7,090 |
| Webster Deli Grocery Corp. | 2272 Webster Avenue<br>Bronx, NY 10457 | $1,800 |
| Broadway Big Apple Deli Grocery | 1076 Broadway<br>Brooklyn, NY 11221 | $2,000 |
| Rafat Shabain | 1721 Harding Park<br>Bronx, NY 10473 | $1,460 |
| Ahmed Mustafa | 433 Throop Avenue<br>Brooklyn, NY 11221 | $600 |
| Abdulmalek Kassim | 1769 Melrose Avenue<br>Bronx, NY 10451 | $920 |